UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:05CR-70-TBR

HANNIBAL BUTLER                                     MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                      RESPONDENT/PLAINTIFF

## MEMORANDUM AND ORDER

Movant Hannibal Butler filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 68). The motion is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the motion appears to be barred by the applicable statute of limitations, the Court will direct Butler to show cause why his motion should not be denied as untimely.

### I.

After entering a guilty plea, Butler was convicted on April 25, 2006, on one count of possession with intent to distribute 500 grams or more of cocaine and one count of possession with intent to distribute 50 grams or more cocaine base. He was sentenced to 262 months' imprisonment. Butler appealed his conviction to the Sixth Circuit Court of Appeals, which affirmed on January 22, 2007. He also filed a petition for writ of certiorari in the Supreme Court. The petition was denied on June 29, 2007. He filed the instant § 2255 motion on December 16, 2016.[1]

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

Butler's conviction became final on the date the Supreme Court denied his petition for writ of certiorari, or June 29, 2007. Butler, therefore, had until June 29, 2008, to file his § 2255 motion. Accordingly, Butler's motion was filed more than eight years after the statute of limitations expired. Under § 2255(f), therefore, Butler's motion appears to be time-barred and subject to summary dismissal.

In the motion, Butler challenges his classification as a career offender under the U.S. Sentencing Guidelines based on the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). He states, "In light of Mathis, Petitioner convictions for posession of controlled substance and trafficking in a controlled substance, no longer qualifies as predicate offenses for the Career Offender Enhancement."

However, the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in *Mathis* that it intended its holding to be applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); *United States v. Taylor*, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12 (10th Cir. Dec. 6, 2016) (holding that "*Mathis* did not announce a new rule"); *Box v. United States*, No. 16-2546, 2016 U.S. App. LEXIS 20373, at *2 (7th Cir. Jul. 20, 2016) (finding that *Mathis* "does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[]'") (quoting 28 U.S.C. § 2255(h)(2)); *Atkinson v. United States*, No. 1:16-cv-67, 2017 U.S. Dist. LEXIS 51049, at *5-6 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule"); *United States v. King*, No. 2:09-cr-166, 2017 U.S. Dist. LEXIS 36302, at* 4-5 (S.D. Ohio Mar. 14, 2017) (concluding that "*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review . . ."). Therefore, Butler's § 2255 motion is subject to the one-year limitations period of § 2255(f)(1) and is time-barred.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Butler has not alleged facts in his motion which warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*,

3

337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Before dismissing the motion as time-barred, the Court will provide Butler with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, Butler must **SHOW CAUSE** why the § 2255 motion to vacate, set aside or correct his sentence should not be dismissed as barred by the applicable one-year statute of limitations.

**Butler is WARNED that failure to respond within the time allotted will result in denial of the motion for the reasons set forth herein.**

Date:

cc: Movant/Defendant, *pro se*
United States Attorney
4413.010

4